IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** |
| FOX GLENVIEW, LLC; DP FOX VENTURES, LLC; AND FOX ILLINOIS STAFFING, LLC., d/b/a CHICAGO HARLEY DAVIDSON | ) ) ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Amy Hartman ("Hartman"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that the Defendants, DP Fox Ventures, LLC; Fox Glenview, LLC; and Fox Illinois Staffing, LLC (individually or jointly d/b/a Chicago Harley Davidson and herein referred to as "Defendants" or "Fox"), engaged in sex discrimination against Hartman by subjecting her to sexual harassment, creating and maintaining a hostile work environment because of her sex, female, and retaliating against Hartman by terminating her employment after she complained.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(1)

and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), 5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant DP Fox Ventures, LLC has continuously been a corporation doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Fox Glenview, LLC has continuously been a corporation doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Fox Illinois Staffing, LLC has continuously been a corporation doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

7. At all relevant times, Defendant DP Fox Ventures, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

8. At all relevant times, Defendant Fox Glenview, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

9. At all relevant times, Defendant Fox Illinois Staffing, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

10. On information and belief, each or all of Defendants, individually and/or as a joint or single employer, were Ms. Hartman's employer, and Defendants individually or jointly were doing business as "Chicago Harley Davidson."

## CONDITIONS PRECEDENT

11. More than thirty days prior to the institution of this lawsuit, Hartman filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. On June 27, 2019, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. On September 10, 2019, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

## **STATEMENT OF CLAIMS**

15. Since at least on or about October 2015, Defendants have engaged in unlawful employment practices, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a)(1), 2000e-3(a), at their Glenview, Illinois, location. These unlawful practices include, but are not limited to, the following:

   (a). Defendants engaged in sex discrimination against Hartman by subjecting her to severe or pervasive sex harassment and by creating and maintaining a hostile work environment, because of her sex (female). The harassment Hartman was subjected to included, but was not limited to, graphic sexual conversation, unwelcome touching, receiving graphic sexual images, unwelcome and repeated propositions for sex, solicitation of unwelcome physical contact, and intimidation.

   (b). Defendant was aware of such conduct because Hartman and other employees complained to the company about the conduct and the conduct was perpetrated, in part, by Defendants' managers or in the presence of Defendants' managers.

   (c) Defendants engaged in retaliation against Hartman after she complained to Defendants about sexual harassment by terminating Hartman's employment.

16. The effect of the practices complained of above has been to deprive Hartman of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female, and because she engaged in protected activity under Title VII.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Hartman.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment.

B. Grant a permanent injunction enjoining Defendants, their officer, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and for persons who engage in protected opposition under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendants to make whole Hartman, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement for Hartman and/or front-pay.

E. Order Defendants to make whole Hartman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial, including, but not limited to, job search expenses.

F. Order Defendants to make whole Hartman by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, all in amounts to be determined at trial.

G. Order Defendants to pay Hartman punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

February 27, 2020

        Sharon Fast Gustafson
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        Equal Employment Opportunity
        Commission
        131 M St. NE
        Washington, DC 20507

        s/ Gregory M. Gochanour
        Greg Gochanour
        Regional Attorney

        s/ Deborah L. Hamilton

        Deborah L. Hamilton
        Supervisory Trial Attorney

        s/ Richard J. Mrizek
        Richard J. Mrizek
        Trial Attorney

        s/ Jonathan Delozano
        Jonathan Delozano
        Trial Attorney

        Equal Employment Opportunity Commission
        Chicago District Office
        230 S. Dearborn, Suite 2920
        Chicago, IL 60604
        312-872-9724